**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TERRENCE L. ODUMS,

                    Plaintiff,                    5:26-cv-00399 (BKS/MJK)

v.

RXO INC.; RXO CURRIER, LLC; RXO EXPRESS, LLC;
RXO CORPORATE SOLUTIONS, LLC; XPO
LOGISTICS FREIGHT INC.; XPO, INC.; REMEDY
INTELLIGENT STAFFING, LLC; a/k/a REMEDY TEMP
INC.; REMEDY INTELLIGENT STAFFING OF
SYRACUSE; JEFFREY POST, the key principal of
Remedy Intelligent Staffing of Syracuse;
EMPLOYBRIDGE HOLDING COMPANY, a/k/a
REMEDY TEMP INC.; JOHN DOE CORPORATION, a
fictitious name; JOE JONES CORPORATION, a fictitious
name; and RALPH SMITH CORPORATION, a fictitious
name;

                    Defendants.

---

**Appearances:**

*For Plaintiff*:
Robert F. Julian
Office of Robert F. Julian
2037 Genesee Street
Utica, NY 13501

*For Defendants RXO Inc.; RXO Currier, LLC; RXO Express, LLC; and RXO Corporate Solutions, LLC:*
Joan M. Gilbride
Kaufman Borgeest & Ryan, LLP
875 Third Ave
New York, NY 10022

*For Defendants Remedy Intelligent Staffing, LLC; Remedy Intelligent Staffing of Syracuse; Jeffrey Post; and Employbridge Holding Company:*
Edward J. Smith, III
Smith, Sovik, Kendrick & Sugnet, P.C.
250 South Clinton Street, Suite 600
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### ORDER TO SHOW CAUSE

Defendants RXO, Inc.; RXO Currier, LLC[1]; RXO Express, LLC; and RXO Corporate Solutions, LLC (collectively, the "RXO Defendants") removed this action from New York State Supreme Court, Onondaga County, asserting that this Court has subject-matter jurisdiction over Plaintiff's state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a case to fit within [§ 1332], there must be complete diversity" between plaintiffs and defendants (internal quotation marks omitted)). The notice of removal asserts that removal is permissible because "the matter in controversy exceeds $75,000 . . . and the action is between citizens of different states." (Dkt. No. 1, ¶ 3). However, the notice of removal fails to sufficiently allege the citizenship of the members of RXO Capacity Solutions, LLC, the sole member of Defendant RXO Express, LLC, and Defendant Remedy Intelligent Staffing, LLC. Accordingly, the RXO Defendants are directed to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

---

[1] The RXO Defendants state that the correct name of this defendant is "RXO Courier, LLC." (Dkt. No. 1, at 1). The Court directs the Clerk of Court to amend the official caption to correct the spelling of Defendant "RXO Currier, LLC" to "RXO Courier, LLC."

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co. v. Housing Auth. of Harford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). A party seeking to remove a case to federal court based on diversity of citizenship has the burden of proving that diversity exists.  *See CenterMark*, 30 F.3d at 301 ("Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (stating that "the party invoking diversity jurisdiction must demonstrate that complete diversity among the parties existed at the time removal was sought to federal court").

"[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (finding that "complete diversity of parties is lacking because some of the members of [the plaintiff limited liability company] are citizens of Kentucky and [the defendant] is also a citizen of Kentucky"). "Furthermore, 'where an LLC has, as one of its members, another LLC, "the citizenship of

3

unincorporated associations must be traced through however many layers of partners or members there may be" to determine the citizenship of the LLC.'" *Boergers v. Miami Dolphins, Ltd.*, No. 17-cv-401S, 2019 WL 5566336, at *2, 2019 U.S. Dist. LEXIS 187352, at *4–5 (W.D.N.Y. Oct. 29, 2019) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003))).

Here, the notice of removal alleges that Plaintiff is a citizen of New York, (Dkt. No. 1, ¶ 6), citing to the allegation in the complaint that Plaintiff "was and still is a resident of . . . New York," (Dkt. No. 1-1, ¶ 1). The notice of removal, however, alleges only that RXO Capacity Solutions, LLC, the sole member of Defendant RXO Express, LLC, is a Delaware limited liability company. (Dkt. No. 1, ¶ 7). The notice of removal also alleges only that Defendant Remedy Intelligent Staffing, LLC is a California limited liability company with its principal place of business in Georgia. (Dkt. No. 1, ¶ 9). Because the notice of removal does not allege the citizenship of the members of RXO Capacity Solutions, LLC and Defendant Remedy Intelligent Staffing, LLC, the allegations are insufficient to show that there is complete diversity of citizenship among the parties. *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that "diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff limited liability company did "not set forth any allegations with respect to its structure or membership"). Accordingly, it is

**ORDERED** that the RXO Defendants shall file a memorandum by April 27, 2026, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that if the RXO Defendants maintain that there is complete diversity between the parties, it shall submit supporting evidence, including affidavits identifying the citizenship of each member of the limited liability company; and it is further

**ORDERED** that Plaintiff may respond to the removing Defendants' submission, on or before May 4, 2026; and it is further

**ORDERED** that the Clerk of Court amend the official caption to correct the spelling of Defendant "RXO Currier, LLC" to "RXO Courier, LLC."

**IT IS SO ORDERED.**

Dated:  April 7, 2026
        Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge

5